

August 22, 2013

VIA ECF

Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Rm. N 626
Brooklyn New York 11201

    Re:    Sprint Comm. Co. *et al* ("Sprint") v. Jasco Trading, Inc., *et al*
            12 CV 5048 (MKB)(RER)

Dear Judge Brodie,

    I represent Defendants Yehuda Bodek and Y R B Trading Corp. ("Defendants").  This letter is Defendants' additional brief, as requested by the Court at the July 18, 2013 status conference, in opposition to Sprint's motion to enforce an alleged oral settlement agreement.   It is also Defendants' response to the arguments and authorities presented by Sprint in its counsel's August 1, 2013 letter to you ("Sprint's Letter").

I.    Conditional Acceptance

    At the July 18, 2013 status conference, the Court requested authority on the issue of whether Defendants' purported acceptance of the alleged settlement agreement was, as a matter of law, an acceptance at all.   By Sprint's version of the facts, Defendants conditioned their purported acceptance of the terms of the settlement agreement on the approval of community leaders.  See Sutton Declaration, dated May 3, 2013, para. 8.  Defendants dispute this version of the facts.  They deny that their attorney at any time manifested intent to accept the terms of the stipulation agreement such that they are bound.  Indeed,

Defendants' attorney has submitted a declaration in which he denies ever binding Defendants to an agreement.[1]

As a general rule, in order for an acceptance to be effective, it must unequivocal. *F.W. Berke & Co. v. Derektor*, 92 N.E.2d 914, 301 N.Y. 110 (1950); *King v. King*, 208 A.D.2d 1143, 613 N.Y.S.2d 593 (3d Dep't 1994)(acceptance must be positive, unequivocal and unqualified); 22 N.Y. Jur. 2d Contracts § 46. In *F.W. Berke*, the defendant stated that it accepted plaintiff's order "subject to" its arranging of certain matters requested by plaintiff. The Court interpreted the phrase "subject to" as meaning "conditional upon or depending on." It held that such an acceptance was not the kind of absolute and unqualified assent to an offer which would convert it into a promise. Therefore, no agreement had been formed.

"[E]ven though no change in the offer is suggested in the reply by the offeree, the reply may not sufficiently clearly indicate assent to the offer so as to create a contract. In this sense, it is not enough to suggest that only changes, additions, or qualifications will prevent an acceptance, for any equivocation by the offeree in its purported acceptance will have the same effect." Williston on Contracts, § 6:10.

Here, even according to Sprints' version of the facts, Defendants equivocated in their purported acceptance. They said they would not agree until they got community leader approval. Their purported acceptance did not create a binding contract since it was equivocal.[2]

II.  <u>No Manifest of Intent to Be Bound</u>

Beyond that, Sprint has not established that Defendants manifested intent to be bound to the terms of a settlement agreement.[3] For a valid contract to be formed under New York law there must be intent to be bound. *Register.Com. Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004).[4] Otherwise there can be no contract. *Martin Delicatessen v Schumacher*, 52 N.Y.2d 105, 109 (1981). In determining the parties'

---

[1] Thus, Defendants are making these arguments on the assumption that the Court believes Sprint's version of the facts. It cannot be overemphasized that in an e-mail the same day Defendants' attorney purportedly said that Defendants needed community leader approval, Defendants' attorney said to Sprint's attorney that Defendants wanted to consult with another attorney. Such a statement signifies that no acceptance ever took place.

[2] Sprint's Letter confuses a conditional acceptance, which is an acceptance which is equivocal and is not effective, with a condition precedent to performance, which is a term in an existing contract. The cases it cites are irrelevant to the question raised by the Court.

[3] The burden to prove a settlement agreement is on Sprint. *Min v. Target Stores*, 553 F.Supp.2d 218, 221 (E.D.N.Y.2008)

[4] The parties have assumed that New York law governs the formation of a settlement agreement.

Honorable Margo K. Brodie
August 22, 2013
Page 3

intent, a court must look, not to their after-the-fact professed subjective intent, but their objective intent as manifested by their expressed words and deeds at the time. *Hostcentric Technologies, Inc. v. Republic Thunderbolt, LLC*, 2005 WL 1377853, 2005 U.S. LEXIS 11130 (S.D.N.Y. 2005).

      Here, all we have to support Sprint's motion is Sprint's attorneys' statements. But Ms. Sutton, Sprint's attorney, never tells us – despite having taken two opportunities --precisely what Mr. Davis, Defendants' then counsel, said to her or what she said to him. She cannot even tell us the moment the alleged agreement was formed. At best, she says it was formed *by* December 18, 2012, the date Defendants purportedly said they needed to get community leader approval. Sutton Dec., para. 7. She cannot truthfully point to any correspondence or open court statements in which Defendants' attorney unequivocally accepted the settlement agreement with intent to bind his clients. Mr. Davis denies he manifested intent to bind them. In fact, all the objective evidence establishes that Mr. Davis never manifested intent to bind his client to the terms of the agreement he had negotiated: [5]

      A.    <u>Correspondence</u> – Sprint has no explanation of the e-mail exchanges which took place on December 18, 2012. It does not deny they took place. In the first of Mr. Davis' e-mails to Ms. Sutton, he states that he was unable to convince Defendants to sign the settlement agreement and that they want to consult "with another attorney within his Hasidic sect." Nowhere is there an indication in the e-mail that a binding agreement was concluded.

      B.    <u>Statements Made on the Record</u> – At no time did Mr. Davis, in open court, confirm an oral settlement agreement. At no time did he state that they had resolved their dispute with Sprint. These are blatant misrepresentations by Sprint. The record speaks for itself. Mr. Davis said that the matter is pending the signing of an agreement. Based on that, he asked for an adjournment. Transcript at 3. He was hopeful that his clients would agree. He did not say there was an agreement.

      In fact, Sprint's counsel did not report to the magistrate that a binding oral agreement had been concluded. This is another blatant misrepresentation by Sprint. The attorney stated: "We have spent hours negotiating a settlement with the defendants Y R B Trading and the individual defendant, Mr. Bodek, as well. We expect

---

[5]    "A primary concern for courts in [contract formation] disputes is to avoid trapping parties in surprise contractual obligations that they never intended. Ordinarily in contract negotiation, enforceable legal rights do not arise until either the expression of mutual consent to be bound, or some equivalent event that marks acceptance of offer. Contractual liability, unlike tort liability, arises from consent to be bound (or in any event from the manifestation of consent). It is fundamental to contract law that mere participation in negotiations and discussions does not create binding obligation, even if agreement is reached on all disputed terms. More is needed than agreement on each detail, which is overall agreement (or offer and acceptance) to enter into the binding contract." *Teachers Ins.& Annuity Assoc. v. Tribune Co.*, 670 F. Supp. 491, 497 (S.D.N.Y. 1987)

Honorable Margo K. Brodie
August 22, 2013
Page 4

that the agreement will be signed by week's end or early next week. *And the terms have all been negotiated and we're just waiting for execution of the document.*" Transcript at 5-6 (emphasis added). Nowhere is there a statement that a binding agreement was concluded.

Later in the conference, Mr. Davis raised an issue with the existing written proposed settlement agreement. Transcript at 16-17. This was not a comment on an issue raised by counsel for other defendants, another misrepresentation by Sprint. Sprint's Letter at 2, n. 4. This was Defendants own issue with the settlement proposed to them. That Mr. Davis felt free to raise an open issue is evidence that Mr. Davis did not consider the matter closed.

Sprint's counsel did not respond by saying that it had a binding agreement with Defendants, which Defendants were trying to renegotiate. She stated that there should be further negotiation. Transcript at 17.

In none of the opinions cited by Sprint, from courts located in this circuit, did the court find that a party's counsel had bound his client to a settlement agreement where the only evidence of the intent to bind was the words of the adversary. In each opinion, either there was a clear, undisputed statement by counsel that an agreement has been made or there was no dispute about the issue. See Addendum, which catalogues the opinions.

III.   Application of the *Winston* Factors

Without sufficient proof of an oral agreement, the Court need not get to the issue of whether the oral agreement was binding without a signed writing. However, if the Court finds an oral agreement, application of the *Winston* factors would require the Court to find that the agreement was unenforceable since it was not binding until Defendants signed it.

Defendants have elaborated on the application of each of the factors in their initial opposition memorandum. Defendants further discuss the first factor here to address a distortion in Sprint's reply memorandum.[6]

Sprint seeks to convince the Court that the first factor – express reservation – be understood narrowly. Sprint Reply Memorandum at 3-4. In Sprint's view, until the parties have explicitly stated that the agreement shall not become effective until

---

[6]   Sprint, in its reply memorandum, criticized Defendants for not addressing a number of opinions cited by Sprint in its opening memorandum. Defendants did not address those cases simply because the facts of those opinions are so different from the facts of our case so as to be obviously distinguishable. Only if one accepts Sprint's misrepresentations do the opinions seem relevant.

signed, the parties have not sufficiently expressed their intent not to be bound until execution.  Sprint goes so far as to say – without citation to authority -- that the preambulatory statement "this Agreement is made and entered into as of the last date of execution below" is insufficient expression of intent not to be bound until signed.  Sprint is incorrect.

Sprint completely ignores the Court of Appeal's opinion in *Kaczmarcysk v. Dutton*, 414 Fed.Appx. 354 (2d Cir. 2011), *reversing*, *Kaczmarcysk v. Acme Contracting LLC,* 2009 WL 3739442 (E.D.N.Y. 2009), an opinion which Defendants highlighted in their opposition memorandum.  The Court of Appeals held there that the language "[t]his agreement is effective when it has been fully executed by all parties" evinces the parties' intent not to be bound until execution.  This holding disproves Sprint's assertion that the language in our case is mere administrative language concerning when the obligation comes due.  Sprint Reply Memorandum at 4.

Based upon the existence of this language and a merger clause (like we have here) the Court of Appeals did not bother analyzing the other *Winston* factors and found the alleged agreement there unenforceable.

The Court's opinion in *Gildea v. Design Distributors, Inc.*, 378 F.Supp.2d 158 (E.D.N.Y. 2005) is the final nail in the coffin.  The Court found that the statement "this Agreement . . . will be effective upon the last signing party's execution and delivery thereof," was an indication that the parties intended not to be bound until execution.

The statements in *Kaczmarcysk* and *Gildea* are virtually indistinguishable from the statement in our case. Just not like the courts in those cases found no enforceable agreement, the Court here should find the same.

        Respectfully submitted,

        *Solomon J.  Jaskiel*

        SOLOMON J. JASKIEL

ADDENDUM

In *Powell v. Omnicom*, 497 F.3d 124 (2d Cir. 2007), cited by Sprint in its papers *passim*, the terms of the settlement agreement were recited on the record in open court before the magistrate. Powell, was present in court, agreed to the terms and to the termination of the action.

In *Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78 (2d Cir. 1986), cited by Sprint in its papers *passim*, the court found that the parties had not entered into a binding agreement.

In *Walker v. City of New York*, 2006 WL 1662702 (E.D.N.Y. 2006), cited by Sprint in its opening memo at 7 and in the Letter at 2, there was no dispute that the attorneys for the parties intended to enter into a binding oral settlement agreement. The parties so informed the court and it was so noted on the docket. The issue was whether the attorney had authority to enter into the settlement and whether the oral agreement was subject to the execution of a signed written agreement.

In *Reich v. Best Built Homes, Inc.,* 895 F. Supp. 47 (W.D.N.Y. 1995), cited by Sprint in the Letter at 2, the terms of the settlement agreement were put on the record, counsel indicated his assent to it and agreed to the entry of a 30-day conditional order dismissing the action.

In *Consolidated Edison Co. of New York v. Fyn Paint & Lacquer Co.,* 2008 WL 852067 (E.D.N.Y. 2008), cited by Sprint in the Letter at 3, the parties committed, on the record and before the court, to a settlement agreement.

In *Delyanis v. Dyna-Empire, Inc.,* 465 F.Supp.2d 170 (E.D.N.Y. 2006), cited by Sprint in its papers *passim*, the plaintiff's attorney responded to the mediator's e-mail with his own e-mail, stating that the mediator could represent to the Court that the case had settled. The mediator then informed the court of the settlement.

In *Willgerodt v. Hohri*, 953 F.Supp. 557 (S.D.N.Y. 1997), cited by Sprint in its opening memo at 5, it was undisputed that the parties reached an oral agreement to settle this case at a conference before a magistrate. The agreement was made on the record in open court.

In *Lyman v. New York and Presbyterian Hosp.,* 2012 WL 6135354 (S.D.N.Y. 2012), cited by Sprint in its opening memo at 5, the court found that the parties had not entered into a binding agreement.

In *Conway v. Brooklyn Union Gas Co.,* 236 F.Supp.2d 241 (E.D.N. 2002), cited by Sprint in its papers *passim*, there was no dispute that the attorneys for the parties intended to enter into a binding oral settlement agreement. The magistrate was actively involved in negotiating the terms of the settlement. Prior to his acceptance of the terms, the magistrate informed plaintiff's attorney that acceptance of the terms would constitute an agreement to settle the action. The issue was whether the attorney had authority to enter into the settlement and whether the oral agreement was subject to the execution of a signed written agreement.

In *Foster v. City of New York*, 2000 WL 145927 (S.D.N.Y. 2000), cited by Sprint in its opening memo at 9 and its reply memo at 8, the attorneys for both sides stated that they had entered into an oral settlement agreement.

In *Figueroa v. City of New York*, 2011 WL 309061 (S.D.N.Y. 2011), cited by Sprint in its opening memo at 5, the attorneys for both sides and their respective clients conceded that the attorneys had entered into an oral settlement agreement.

In *Copp v. Connecticut*, 310 Fed.Appx. 436 (2d Cir.2009), cited by Sprint in its opening memo at 6, Copp conceded that he had entered into an oral settlement agreement before the magistrate.  The only issue was whether the written agreement he refused to sign accurately reflected the terms of the oral agreement.

In *Little v. Greyhound Lines, Inc.,* 2005 WL 2429437 (S.D.N.Y. 2005), cited by Sprint in its opening memo at 11, counsel for the parties each signed a settlement agreement that clearly indicated that the parties had reached a settlement through mediation.

In *Ciaramella v. Reader's Digest Assoc.,* 131 F.3d 320 (2d Cir.1997), cited by Sprint in its reply memo at 3, the court found that the parties had not entered into a binding agreement.

In *Kaczmarcysk v. Dutton*, 414 Fed.Appx. 354 (2d Cir. 2011), cited by Sprint in its reply memo at 3, the court found that the parties had not entered into a binding agreement.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SPRINT COM. CO. LP, *et al.*,           Case No. 12 CV 5048 (MBK)(RER)

                  Plaintiffs,

                                                        **DECLARATION**

    -against-

JASCO TRADING, INC., *et al.*,

                  Defendants.
-------------------------------------------------------------X

       **ARNOLD DAVIS**, declares, under the penalties of perjury, that the following is true:

       1.    I was the attorney for defendants YRB Trading Corp. and Yehuda Bodek. I submit this declaration is opposition to Sprint's motion to enforce an alleged oral settlement agreement.

       2.    In the fall of 2012, I negotiated the terms of a proposed settlement of this action with Stacey Sutton, Esq., plaintiffs' attorney. At no time did I indicate that I was binding my clients to the terms I had negotiated. It was never my intent that I would bind my clients by my words or actions. At all times, I did not intend that my clients would be bound until they had actually signed the settlement agreement.

       3.    I believed that I had negotiated the terms of an agreement which was good for my clients. I told Ms. Sutton that I expected my clients to sign it. They refused.

Dated:    New York, New York
               August 21, 2013

                                                          ARNOLD DAVIS