UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

SPRINT COMMUNICATIONS COMPANY L.P.,
SPRINT NEXTEL CORPORATION, BOOST
WORLDWIDE INC. and VIRGIN MOBILE USA, **MEMORANDUM & ORDER**
L.P., 12-CV-5048 (MKB)

                         Plaintiffs,
            v.

JASCO TRADING, INC., YRB TRADING CORP.,
ALAN SAVDIE and YEHUDAH BODEK,

                         Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Sprint Communications Company L.P., Sprint Nextel Corporation, Boost Worldwide, Inc. and Virgin Mobile USA, L.P. (collectively "Sprint" or "Plaintiffs") brought the above-captioned action against Defendants Jasco Trading, Inc. and Alan Savdie ("Jasco Defendants"), and YRB Trading Corp. and Yehudah Bodek ("YRB Defendants") (collectively "Defendants") alleging breach of contract, unfair competition, tortious interference with business relationships, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, fraud, trafficking in computer passwords, unauthorized access, unauthorized access with intent to defraud, federal trademark infringement, false advertising, contributory trademark infringement, deceptive acts and practices and conversion claims. (Docket Entry No. 1, "Compl.")

      On March 31, 2014, the Court "so ordered" a Stipulation for Entry of Final Judgment and Permanent Injunction between Plaintiffs and the Jasco Defendants. (Docket Entry No. 60.) Plaintiffs seek entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

in accordance with the Stipulation for Entry of Final Judgment and Permanent Injunction. For the reasons discussed below, the Court grants Plaintiffs' motion for a Rule 54(b) judgment.

## I. Background

Plaintiffs are mobile telephone communications companies who bring this action against two mobile telephone retailers and their respective presidents. (Compl. ¶¶ 16–19.) Plaintiffs allege that the Jasco Defendants and the YRB Defendants engaged in a "Bulk Handset Trafficking Scheme" in which they made unauthorized and deceptive bulk purchases of Sprint mobile telephones, which they resold outside the United States without authorization. (*Id*. ¶¶ 2–4.) On March 31, 2014, Plaintiffs and the Jasco Defendants filed a Stipulation for Entry of Final Judgment and Permanent Injunction against the Jasco Defendants ("Stipulation"). (Docket Entry No. 59.) Pursuant to the Stipulation, the parties agreed to a final judgment and a permanent injunction against the Jasco Defendants, as set forth in the Stipulation. Plaintiffs seek entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## II. Discussion

### a. Standard of Review

Pursuant to Rule 54(b), a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54; *see also Brown v. Eli Lilly & Co.*, 654 F.3d 347, 355 (2d Cir. 2011) (discussing a district court's ability to find "no just reason for delay"). The Second Circuit has held that "in making the 'express determination' required under Rule 54(b), district courts should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation." *Guippone v. Bay Harbour Mgmt. LC*, 434 F. App'x 4, 6 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). In light of the "historic federal policy against piecemeal appeals," the Second Circuit has cautioned

that "[a] certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom*, 947 F.2d at 629 (citations, alteration, and internal quotation marks omitted). Courts should "consider such factors as whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (alteration omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

### b. There is No Just Reason for Delay

The Court finds that there is no just reason to delay the entry of judgment in favor of Plaintiffs. First, although the issue resolved by the Stipulation is not a separate and distinct action from the issue still pending before the Court between Plaintiffs and the YRB Defendants, the Second Circuit will not have to decide the same issue more than once since the Jasco Defendants have agreed as part of the Stipulation that they will not seek to appeal any judgment entered pursuant to the Stipulation. (Stipulation ¶ 8.) In addition, during a conference with the Court on March 25, 2014, the parties represented to the Court that they will not seek to appeal from the entry of a judgment pursuant to the Stipulation. *See Novick*, 642 F.3d at 311 (noting that an entry of judgment may be appropriate where "no appellate court would have to decide the same issues more than once" (citations omitted)). Second, because the parties will not be appealing the entry of a judgment, although Plaintiffs will remain parties in the proceeding still pending before the Court, Plaintiffs will not be litigating in two separate courts. Third, the Jasco Defendants consent to the entry of a Rule 54(b) judgment.

3

### III. Conclusion

For the foregoing reasons, the Court finds that there is "no just reason for delay." The Court certifies pursuant to Rule 54(b) that the Clerk of the Court should enter judgment in favor of Plaintiffs against the Jasco Defendants as set forth in the Stipulation.

SO ORDERED:

 s/MKB  
MARGO K. BRODIE  
United States District Judge

Dated: March 31, 2014  
Brooklyn, New York